IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cr-153

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| HAI VAN NGUYEN (1) | ) | |
| OANH THI LE (2) | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the defendant Le's Motion to Strike Surplusage from Indictment (Doc. No. 21), the government's Response (Doc. No. 33).[1] For the reasons stated below, the Court **DENIES** the defendant's motion.

I.   BACKGROUND

The defendants are charged with an alleged scheme to structure approximately 31 cash deposits, totaling over $200,000, into three different domestic financial institutions, from February 1, 2006, to November 1, 2006. (Doc. No. 36: Indictment at ¶ 1). While the defendants are charged with conspiracy and a substantive structuring offense, they are not charged with tax evasion or other criminal activity. The motion challenges an introductory paragraph detailing the defendants' income reported to the Internal Revenue Service (IRS) between 1999 and 2006. (Id. at ¶ 3).

---

[1] The Motion to Strike concerned the original Bill of Indictment (Doc. No. 1). A Superseding Bill of Indictment was returned on November 15, 2011. (Doc. No. 36). However, because the challenged paragraph is still included, the Court will consider the motion as filed against the Superseding Indictment.

## II. DISCUSSION

Federal Rule of Criminal Procedure 7(c)(1) states that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." An indictment may allege the means by which a defendant committed an offense. Id. A court may strike surplusage from an indictment upon a defendant's motion. Fed. R. Crim. P. 7(d). Although the term "surplusage" is not defined in the Rule 7, the Fourth Circuit has held that a court should only strike allegations where it is clear that they are not "relevant to the charge and are inflammatory and prejudicial. United States v. Williams, 445 F.3d 724, 733 (4th Cir. 2006). The test is conjunctive; thus, information that is prejudicial, yet relevant need not be struck, nor should information that is irrelevant but not prejudicial. United States v. Hedgepeth, 434 F.3d 609, 612 (3d Cir. 2006) (cited with approval in Williams, 445 F.3d at 733-34). Additionally, an instruction to the jury that the indictment is not evidence militates against unfair prejudice. Williams, 445 F.3d at 734; United States v. Marshall, 985 F.2d 901, 906 (7th Cir. 1993).

Here, the defendants argue that the paragraph about income reported to the IRS suggests to the jury that the money alleged to have been structured must have been unreported income obtained through illegal means. (Doc. No. 21: Memorandum at 4). The government counters that it is required to prove a lump sum was broken down into multiple deposits to avoid the currency transaction reporting requirement; therefore, the limited reported income is relevant to establish a source of the $200,000 corpus and knowledge of the reporting requirement through the defendants interaction with banks. (Doc. No. 33: Response at 8). The government is not seeking to prove that their reporting of income or the source of the corpus was illegal. (Id.).

The Court will likely instruct the jury that structuring includes breaking down a single sum of currency exceeding $10,000 into smaller sums, or conducting a series of currency

2

transactions, including transactions at or below $10,000. Fifth Circuit Pattern Jury Instructions (Criminal Cases) § 2.99 (2001).  The information in the challenged paragraph is relevant because it reflects on the source of the money at issue and provides context for conversations with bank employees who allegedly raised the reporting requirements with the defendants.  There is nothing inflammatory or prejudicial in the language of the challenged paragraph because it does not suggest any illegal activity on the part of the defendants in relation to the reporting of their earned income or the source of the corpus.  Any potential prejudice would be cured by instructions that the indictment is not evidence, that the defendants are not on trial for any crime not alleged in the indictment, and that the jury must follow the legal instructions of the Court.

III.   CONCLUSION

**IT IS, THEREFORE, ORDERED** that the defendant's Motion to Strike Surplusage from Indictment (Doc. No. 21) is **DENIED**.

Signed: March 29, 2012

Robert J. Conrad, Jr.
Chief United States District Judge